United States District Court
Southern District of Texas
**ENTERED**
January 03, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACOB REA'SHAW HERNDON, <br> *Plaintiff*, | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. 4:22-cv-4348 |
| OCTAPHARMA PLASMA, ET AL, <br> *Defendants.* | § <br> § <br> § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, filing *pro se*, filed a form Complaint for a Civil Case Alleging Negligence and Breach of Contract, naming "Octapharma Plasma," "ComData iconnectdata.com," "Regions Bank," and "ComData Solutions / ComData Payment Solutions" as Defendants.[1] ECF 1 at 2. While the precise nature of the claim is difficult to discern, Plaintiff states that the parties had a contract whereby Defendants were required to "Pay for any and or Plasma Taken From my Body." ECF 1 at 4.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Here, Plaintiff invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 1. The Court may exercise its diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). The party asserting diversity jurisdiction bears the burden of persuasion as to all aspects of jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). "[A]ll persons on one side of the controversy [must] be citizens of different states

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

than all persons on the other side," to satisfy the complete diversity requirement under 28 U.S.C. § 1332. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted). Here, Plaintiff names four Defendants but does not attempt to state their citizenship in the page of the form Complaint requiring him to do so. ECF 1 at 5. In a separate page, Plaintiff, a citizen of Texas (*id.* at 1) identifies addresses for two Defendants: "ComDatal Iconnectdata.com" with an address in Brentwood, Tennessee, and Defendant Octapharma Plasma with an address in Houston, Texas. *Id.* at 3. No address is listed for Defendants "Regions Bank" or "ComData Solutions / ComData Payment Solutions." *Id.* In other words, Plaintiff has named a non-diverse party and has failed to plead any information to establish the citizenship of two of the four parties. Under these circumstances, the Court lacks jurisdiction over the suit, and RECOMMENDS that Plaintiff's claims be DISMISSED without prejudice to refiling in a forum of competent jurisdiction. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 03, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge